NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3308

MONIDEEP K. DEY,

Petitioner,

v.

NUCLEAR REGULATORY COMMISSION,

Respondent.

Monideep K. Dey, of Yellow Spring, Wyoming, pro se.

Lauren S. Moore, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. With her on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, Franklin E. White, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3308

MONIDEEP K. DEY,

Petitioner,

v.

NUCLEAR REGULATORY COMMISSION

Respondent.

Petition for review of the Merit Systems Protection Board in DC0752060879-I-1.

---

DECIDED: January 14, 2008

---

Before NEWMAN, LOURIE, and SCHALL, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Monideep K. Dey petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the action of the Nuclear Regulatory Commission ("NRC" or "agency") indefinitely suspending him from his position. <u>Dey v.</u>

<u>Nuclear Regulatory Commission</u>, DC-0752-06-0879-I-1 (M.S.P.B. June 19, 2007) ("<u>Final Decision</u>"). We <u>affirm</u>.

DISCUSSION

I.

Mr. Dey worked at the NRC as a Senior Reliability & Risk Engineer, GG-0840-15. That position, as do all positions at the NRC, requires a national security clearance. Effective August 22, 2006, the NRC indefinitely suspended Mr. Dey from his position. The agency took this action because Mr. Dey's security clearance had been suspended.

Mr. Dey timely appealed his suspension to the Board. On December 20, 2006, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision in which she sustained the suspension. <u>Dey v. Nuclear Regulatory Commission</u>, DC-0752-06-0879-I-1 (M.S.P.B. Dec. 20, 2006) ("<u>Initial Decision</u>"). The <u>Initial Decision</u> became the final decision of the Board on June 19, 2007, when the Board denied Mr. Dey's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). <u>Final Decision</u>. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); <u>Kewley v. Dep't of Health & Human Servs.</u>, 153 F.3d 1357, 1361 (Fed. Cir. 1998).

On appeal, Mr. Dey does not dispute that his position required a security clearance and that without that clearance he could not work. He makes essentially two arguments, however, as to why the decision of the Board should be reversed. First, he claims that, before the agency, he was not provided the minimum due process required by 5 U.S.C. § 7513, because the NRC did not allow him a meaningful opportunity to respond to the reasons it asserted for the suspension of his security clearance. Second, he argues that he was improperly denied a hearing before the Board. We address these contentions in turn.

III.

We see no error in the Board's determination that the NRC did not deprive Mr. Dey of minimum due process in connection with the suspension of his security clearance. The requirements of minimum due process are met where the employee receives notice providing sufficiently specific reasons for the suspension of the security clearance, so that the employee has an adequate opportunity to make a meaningful response to the agency's allegations. Cheney v. Dep't of Justice, 479 F.3d 1343, 1352 (2007). Mr. Dey complains that he was denied minimum due process because the agency withheld information he needed to prepare a meaningful response to the agency's proposed suspension of his security clearance. The AJ found, however, that Mr. Dey was specifically informed of the relevant allegations in a memorandum dated July 21, 2006, which set forth "at length, and in detail, the derogatory information . . . consist[ing] of fifty-five separate alleged incidents." Initial Decision at 2. The July 21 memorandum contained nineteen pages setting forth the exact dates and the conduct alleged in connection with each allegation. In addition, the memorandum informed Mr.

Dey of the various procedures under 10 C.F.R. Part 10 that were available for responding to the allegations. Id. In response, Mr. Dey made an oral reply on August 1, 2006, and also submitted numerous documentary exhibits. Id. at 6. Thus, the record reveals that Mr. Dey was provided adequate notice specifically describing the basis for his proposed suspension, as well as the specific procedures available for responding. Furthermore, Mr. Dey did in fact respond, as evidenced by his oral reply and submission of exhibits. Under these circumstances, we see no error in the Board's conclusion that Mr. Dey received the minimum due process required by 5 U.S.C. § 7513.

IV.

As noted, Mr. Dey's second argument is that he was improperly denied a hearing before the Board. Mr. Dey asserts that, had he been provided a hearing, he would have introduced evidence and witness testimony to demonstrate that (1) his request for an explanation of the agency's evidence was denied, and (2) he was prevented from responding to the agency's allegations prior to his indefinite suspension. Because the AJ found that the appeal presented a purely legal question, of whether Mr. Dey had received adequate due process, and did not involve any factual disputes, the parties were limited to oral arguments in lieu of a full evidentiary hearing. Initial Decision at 3 n.2. Under the circumstances of this case, we see no error in the AJ's ruling. Based upon the documentary record, the AJ was fully able to decide, without a hearing, whether, before the agency, Mr. Dey had received the due process to which he was entitled.

For the foregoing reasons, the final decision of the Board sustaining the action of the NRC indefinitely suspending Mr. Dey from his position is affirmed.